FILED

99 JUN 16 AM 9:29

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

JUN 16 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

TROY GIBBS,                        }
                                   }
    Plaintiff,                     }
                                   }           CIVIL ACTION NO.
v.                                 }
                                   }           99-AR-1046-M
FIREMAN'S FUND INSURANCE           }
COMPANIES, *et al.*,               }
                                   }
    Defendants.                    }

## MEMORANDUM OPINION

Plaintiff, Troy Gibbs, has filed a motion to remand the above-entitled case, which was removed to this court from the Circuit Court of Etowah County, Alabama, on April 27, 1999, by defendants, Fireman's Fund Insurance Companies, American Automobile Insurance Company, and VCW, Inc., on the basis of diversity of citizenship. The original complaint was filed in the state court on February 10, 1997. It began with a strange Count I, seeking workers' compensation benefits for Troy Gibbs against Troy Gibbs, the employer of Troy Gibbs. In other words, plaintiff purported to sue himself. All named defendants except plaintiff/defendant were non-residents of the State of Alabama. They did not then remove the case to this court. Instead, after filing an answer and counterclaim, and after a considerable passage of time, defendants, except plaintiff/defendant, on June 3, 1998, filed a motion in the

1

state court to sever the fraud and bad faith counts aimed at them from the circular workers' compensation count. That motion was finally granted on April 16, 1999, without the consent of plaintiff/defendant. This, ostensibly, is eventually an appealable order. The other defendants removed the case to this court within 30 days thereafter. There are several reasons, including the reasons articulated in plaintiff's motion to remand, and those expressed by this court on June 11, 1999 in *Curtis Scott v. Summit Photographix, Inc, et al.*, CV-99-AR-0934-M, why this case was improvidently removed.

First and foremost, 28 U.S.C. § 1446(b) means what it says when it precludes the removal of a case based on diversity more than one year after the case has been pending in a state court. In its amendment to § 1446 in 1988, Congress clearly intended to narrow the diversity jurisdiction of federal courts. Federal courts have no right to resist that deliberate Congressional subtraction from their area of operation by inventing exceptions. The Congressional language on this point, is, to this court, unequivocal and unavoidable in its impact.

Second, defendants' argument for an exception to the one-year rule on the basis that the state court's order of severance created a "new action" is tortured. If the case against the removing defendants became a "new action," it nevertheless had been pending in a state court since February 10, 1997, and cannot be removed

because of § 1446(b). If it were a "new action" for all purposes, the fraud and bad faith claims would be barred by Alabama's two-year statute of limitations. Furthermore, it was not given a separate case number in the state court. See *Opinion of the Clerk*, 526 So.2d 584 (Ala. 1988), in which the Clerk of the Supreme Court of Alabama opined that a "true" severance requires a new civil action number and a new filing fee. This court certainly does not quarrel with the state court's separation of a peculiar non-jury count from subsequent counts that are triable to a jury, but it would be the ultimate legal fiction to say that improperly combined causes action filed as one case on February 10, 1997, were, for the purposes of triggering a new removal opportunity, not filed until April 16, 1999, when the motion to sever was granted. If one part of the severed case became a "new action" upon the severance, then the other part also became a "new action." A "new action" for purposes of state court procedure and a "new action" for the purpose of applying § 1446(b) may be two entirely different things.

There is yet another reason why this court lacks jurisdiction. In defendants' memorandum filed in opposition to plaintiff's motion to remand, defendants argue, *inter alia*:

> To sever the worker's compensation claim means that the parties will have to be realigned, because Troy Gibbs is no longer a defendant.

This court does not understand how defendants reached either (1) their conclusion that "Troy Gibbs is no longer a defendant," or,

3

(2) their conclusion that "the parties will have to be realigned." If Troy Gibbs is no longer a defendant, no realignment will be necessary. If he is still a defendant, the anomaly might be resolved by a realignment, or it might be resolved by a dismissal. In either case, the failure of the diverse defendants to remove the case in 1997 by alleging a fraudulent joinder of Troy Gibbs, the only non-diverse defendant, who was also the plaintiff, was a fatal error. *See Delaney v. Viking Freight, Inc.*, ___ F. Supp.2d ___, 1999 WL 166263 (E.D. Tex.), in which that court correctly held:

> In the fraudulent joinder context, a defendant has 30 days from the date that the fraudulent joiner could be ascertained in which to file a notice of removal.

Gibbs suing himself had all the earmarks of a fraudulent joinder, *i.e.*, the naming of a non-diverse defendant against whom no recovery can be obtained. Even if a person can sue himself (a procedure this court has never heard of), the residence of a plaintiff/defendant can surely be ignored for the purpose of ascertaining whether complete diversity of citizenship exists. If defendants had removed within 30 days after service upon the first served defendant in the state court, the workers' compensation aspect of the case would long ago have been severed by this court and remanded to the state court as required by 28 U.S.C. § 1445. The removable aspects would have been before this court since early 1997. Whether or not they would already be resolved, there would not have been what appears to have been a tremendous expenditure of

time and effort by the state court. The Congressional rationale for its 1988 amendment to § 1446 included an intent to avoid a waste of a state court's time if it spends a year with a case.

For the foregoing separate and several reasons plaintiff's motion to remand will be granted.

DONE this  /5th  day of June, 1999.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　WILLIAM M. ACKER, JR.
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE